FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 JAN 23 AM 11: 59

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MINNIE LEE SMITH,        )
                         )
        Plaintiff,       )
                         )
    v.                   )    CV 110-160
                         )
MEDICARE APPEALS UNIT and)
MICHAEL J. ASTRUE, Commissioner )
of Social Security Administration, )
                         )
        Defendants.      )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

In the above-caption case, Minnie Lee Smith ("Plaintiff") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for the Medicare prescription drug "Part D" low income subsidy, also known as "Extra Help." The case is currently before the Court on the Commissioner's motion for summary judgment (doc. no. 13), which he filed in response to Plaintiff's brief in support of her appeal (doc. no. 10). In addition to her brief, Plaintiff filed a response to the Commissioner's motion.[1] (Doc. no. 17.) For the reasons set forth below, the Court **REPORTS** and

---

[1] The Clerk of Court served Plaintiff with a notice of the Commissioner's motion for summary judgment the day it was filed. (Doc. no. 14.) When Plaintiff initially failed to file a response to the Commissioner's motion, the Court gave her an extension of time to respond, in conjunction with which it explained the ramifications of Defendant's summary judgment motion. (Doc. no. 16.) Plaintiff filed her response within the extended time period.

**RECOMMENDS** that Defendant Medicare Appeals Unit be **DISMISSED**, that the Commissioner's motion be **GRANTED**, that a final judgment be **ENTERED** in favor of the Commissioner, and that this civil action be **CLOSED**.

## I. BACKGROUND

Plaintiff formerly received the Extra Help subsidy, but on March 1, 2010, the Social Security Administration ("SSA") notified her that she would no longer receive the subsidy because she did not return a required form within the 90-day time limit. Tr. ("R."), pp. 2-4. A series of online applications for Extra Help were filed on Plaintiff's behalf between May and October of 2010.[2] R. 7, 11, 12, 24, 25, 35, 39. The majority of these applications indicated that Plaintiff received $569.00 per month, or $6,828.00 per year, in "other income," which was consistent with information the SSA received from another agency regarding Plaintiff's unearned income. R. 9, 12, 24, 25, 35, 39.

On July 18, 2010, the SSA sent Plaintiff a "Pre-Decisional Notice" informing her that she might not be eligible for Extra Help because she had not provided previously requested information. R. 13-15. The SSA sent her another similar notice on July 19, 2010, informing her that she may be ineligible because her yearly income exceeded the limit set by law. R. 18-20. The July 19th notice specified that she received Social Security benefits in the amount of $15,174.00 per year and "other income" in the amount of $6,828.00 per year. Id. On August 14, 2010, the SSA sent Plaintiff a "Notice of Denial" explaining that she was "not

---

[2]Plaintiff asserts that she never filed an online application, and she expresses her suspicion that another individual filed the application without her permission. (Doc. no. 17, pp. 1-2.) Notably, however, Plaintiff does not dispute the accuracy of the pertinent information reported on the applications regarding the amount and sources of her income. (See id.)

2

eligible for Extra Help because [her] income is above the limit set by law to qualify for Extra Help." R. 26. The summary of her applications attached to the August 14th notice indicated that Plaintiff's $6,828.00 yearly income came from a pension. R. 35.

Plaintiff then requested a hearing to challenge the denial of her Extra Help application, and a telephone hearing with a Subsidy Determination Reviewer ("SDR") was scheduled for October 5, 2010. R. 36-37. Because Plaintiff "did not answer the phone or respond to [the SDR's] efforts to reach [her],"[3] the SDR proceeded to conduct a review based on the information provided in Plaintiff's applications and hearing request. R. 42-45. Based on the fact that Plaintiff received $6,828.00 per year from her pension and $15,174.00 per year in Social Security benefits, the SDR found that Plaintiff's total annual household income was $22,002.00. R. 42. Because that amount exceeded 150 percent of the established Federal Poverty Level, the SDR determined that Plaintiff's income disqualified her from receiving Extra Help.

Plaintiff proceeded to file this civil action requesting reversal of the adverse decision. Plaintiff argues that, contrary to the SDR's determination, her "income is below the limits established by the law." (Doc. no. 10, p. 1.) In particular, Plaintiff contends that her pension income should not be counted and that her income should therefore be calculated at $15,174.00. (Doc. no. 17, pp. 2-3.) The Commissioner maintains that he is entitled to judgment as a matter of law because his decision to deny Plaintiff's Extra Help application based on her yearly income was supported by substantial evidence. (See doc. no. 13-1.)

---

[3]Plaintiff explains in her response to the Commissioner's motion for summary judgment that she was out of town during the time scheduled for her telephone hearing because of a family emergency. (Doc. no. 17, p. 2.)

3

## II. STANDARD OF REVIEW

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's review in this case, however, is statutorily limited to determining whether the Commissioner's findings are supported by substantial evidence whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); see also Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986).[4] When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d

---

[4]Because of the dearth of case law addressing the Extra Help subsidy, in determining the appropriate standard of review, the Court relies primarily on cases involving appeals from denials of Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, which also arise under § 405(g).

4

at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The Medicare Appeals Unit Is Not a Proper Defendant

Because Plaintiff is proceeding under § 405(g) in this action, the only proper defendant is the Commissioner. See 42 U.S.C. § 405(g); Krupski v. Costa Crociere S. p. A., 560 U.S. ___, 130 S. Ct. 2485, 2495 (2010) (discussing proper defendant in § 405(g) actions); Matic v. Bahri, Case No. 3:10-cv-364, 2010 U.S. Dist. LEXIS 126345, at *5-6 n.1 (S.D. Fla. Nov. 30, 2010) ("42 U.S.C. § 405(g) . . . clearly contemplates that the Commissioner [of] Social Security is the proper defendant . . . ."). Therefore, Defendant Medicare Appeals Unit should be **DISMISSED** from this action.

## B. The Commissioner's Decision Is Supported by Substantial Evidence

To be eligible for Extra Help, an applicant must, among other things, have income below 150 percent of the Federal Poverty Level for the applicable family size. 20 C.F.R. § 418.3101(d); 42 C.F.R. § 423.773(a)(1). Because Plaintiff's family size is one, 150 percent of the applicable Federal Poverty Level for her in 2010 was $16,245.00. See 2010 Poverty Guidelines, *available at* https://www.cms.gov/MedicaidEligibility/downloads/POV10Combo.pdf.

As noted above, Plaintiff contends that the SDR erred in counting her pension income in determining her Extra Help eligibility. (See doc. nos. 10, 17.) Because Plaintiff does not contest that the $15,174.00 per year that she receives in Social Security benefits counts as income, the only issue in this case is whether her pension income counts. It does. For purposes of determining Extra Help eligibility, "income" is defined as "anything [the applicant] and [her] spouse, who lives with [her], receive[s] in cash or in-kind that [she] can use to meet [her] needs for food and shelter. Income can be earned income or unearned income." 20 C.F.R. § 418.3301. Unearned income encompasses "[a]nnuities, pensions and other periodic payments," inlcuding "private pensions, social security benefits, disability benefits, veterans benefits, worker's compensation, railroad retirement annuities and unemployment insurance benefits." Id. § 416.1121(a); see also id. § 418.3335(a) (specifying that the types of unearned income described in 20 C.F.R. § 416.1121 count in determining Extra Help eligibility).

Because "income" in this context includes pension income as well as Social Security benefits, it is evident that the SDR properly determined that Plaintiff's total income was

$22,002.00, which rendered her ineligible for Extra Help. Therefore, the Commissioner has shown that the decision denying Plaintiff's Extra Help application is supported by substantial evidence and that he is entitled to judgment as a matter of law. Accordingly, his motion for summary judgment should be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Medicare Appeals Unit be **DISMISSED**, that the Commissioner's motion for summary judgment be **GRANTED** (doc. no. 13), that a final judgment be **ENTERED** in favor of the Commissioner, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE